**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MAURICE HARKLESS,**

**Plaintiff,**

**v.** **Case No: 5:26-cv-267-JSM-PRL**

**FRANKLIN ROBINSON, individually, and THE DSTRKT LLC, a California Limited Liability Company,**

**Defendants.**

---

# ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default Pursuant to Rule 55(a). (Doc. 12). Plaintiff seeks entry of default against Defendants Franklin Robinson and The DSTRKT LLC (collectively, the "Defendants"), contending that Defendants were properly served with process pursuant to Cal. Civ. Proc. Code § 415.20, as evidenced by the Returns of Service attached to the motion, which show that Plaintiff served process on Franklin Robinson by substitute service at his usual place of abode to Jason Robinson, a co-occupant, and on The DSTRKT LLC to the designated address of its registered agent, Franklin Robinson, by substitute service on the same Jason Robinson. (*See id*. at pp. 1-3; Doc. 12-2 at pp. 2, 4). To date, Defendants have not responded to the complaint (Doc. 1) or appeared in the case. For the reasons explained below, Plaintiff's motion is due to be denied without prejudice.

## I. Legal Standards

Federal Rule of Civil Procedure 55(a) governs the entry of a clerk's default, providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, the Court must determine whether the plaintiff properly effected service of process on the defendant because, without effective service of process, the Court "lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *See Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007) (per curiam) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)); *see also United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009). "The serving party has the burden of showing that the opposing party was properly served." *Spy Optic Inc. v. Pattar Enter., Inc.*, No. 6:16-cv-1541-ORL-31GJK, 2017 WL 8893758, at *1 (M.D. Fla. Oct. 4, 2017) (citation omitted); *see Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FTM-99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016) (indicating that it is the plaintiff's burden to establish effective service of process); *see also Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (per curiam).

Federal Rule of Civil Procedure 4 includes specific procedural requirements for effecting service of process on individual defendants and corporate defendants. *See generally* Fed. R. Civ. P. 4. For an individual defendant, Rule 4(e) provides several methods of service, which include: (1) following the law of the state where the district court is located or where service is made; (2) delivering a copy of the summons and complaint to the defendant personally; (3) leaving a copy of each at the defendant's dwelling or usual place of abode with

someone of suitable age and discretion who resides there; or (4) delivering a copy of each to the defendant's agent authorized by appointment or law to receive service of process. *See* Fed. R. Civ. P. 4(e).

California law provides the following traditional methods of service to an individual: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.50; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id*. at § 415.50; (3) service by mail with acknowledgment of receipt, *see id*. at § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id*. at § 415.40; and (5) service by publication, *see id*. at § 415.50.

California law permits substituted service on individuals. *See id*. at § 415.20(b). Personal service must be diligently attempted in the first instance. *See id*. (permitting substitute service only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served"). After two or three unsuccessful attempts at personal service at a proper place, substitute service may be used on an individual by leaving a copy of the summons and the complaint at the defendant's usual place of abode (i.e., dwelling), usual place of business, or usual mailing address (other than a U.S. Postal Service post office box) "in the presence of a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," and copies must thereafter be mailed to the defendant at the same address where the documents were left. *See id*.; *Johnson v. Bozorghadad*, No. 17-cv-06536-SVK, 2020 WL 963377, at *3 (N.D. Cal. Feb. 28, 2020) ("Although there is no established formula for reasonable diligence, two or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'") (citation and internal quotation marks omitted).

For a corporate defendant, Rule 4(h) requires service by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service process[.]" *See* Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).

Under California law, a corporation may be served by delivering a copy of the summons and the complaint to "the person designated as [an] agent for service of process" or to "the president, chief executive, or other head of a corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager or person authorized by the corporation to receive service of process." *See* Cal. Civ. Proc. Code § 416.10(a), (b).

California permits substitute service of process on corporations. *See id.* at § 415.20(a). In California, substitute service on the person to be served to effectuate service on a corporation may be made by leaving a copy of the summons and complaint "during usual office hours" in his or her office, or if no physical address is known, at his or her "usual mailing address" (other than a U.S. Postal Service post office box) "with the person who is apparently in charge thereof," and copies must thereafter be mailed to the defendant at the same address where the documents were left. *See id.*

## II. DISCUSSION

Upon review, Plaintiff has not established that service was properly effected on Franklin Robinson or The DSTRKT LLC. First, for Franklin Robinson, the Return of Service indicates that on July 8, 2026 at 5:45 p.m., the process server served Franklin Robinson at his usual place of abode located at 20104 Pienza Lane, Porter Ranch, California 91326 ("Porter Ranch Address"), by substituted service on Jason Robinson, who is identified as a "Co-Occupant" at the Porter Ranch Address and is 18 years of age or older. (*See* Doc. 12-2 at p. 2).

As noted above, substitute service is permitted only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served[.]" *See* Cal. Code Civ. Proc. § 415.20(b). Ordinarily, two or three attempts to personally serve a defendant at a proper place qualify as "reasonable diligence." *See Johnson*, 2020 WL 963377, at *3. Here, the Court is unable to discern whether the process server demonstrated reasonable diligence in attempting to personally serve Franklin Robinson before proceeding with substitute service. Nothing in the Return of Service or the Declaration of David A. Blansky (Plaintiff's counsel) indicates that the process server made any prior attempts to personally serve Franklin Robinson before he resorted to substitute service, nor do the Return of Service or declaration assert any other facts demonstrating reasonable diligence. (*See* Doc. 12-1; Doc. 12-2 at p. 2). Thus, reasonable diligence has not been established.

As to The DSTRKT LLC, the Return of Service indicates that on July 8, 2026 at 5:45 p.m., the process server served The DSTRKT LLC to its registered agent, Franklin Robinson, at the Porter Ranch Address by substituted service on Jason Robinson, who is identified as a "Co-Occupant to Registered Agent" for The DSTRKT LLC at the service address. (*See* Doc.

12-2 at p. 4). As a practical matter, it is unclear whether the Porter Ranch Address was Franklin Robinson's home, office address, or both. But assuming it was his office address, the papers must have been left during usual office hours or at his usual mailing address with the person apparently in charge of the office. *See* Cal. Code Civ. Proc. § 415.20(a). Here, the Return of Service indicates that the papers were served at 5:45 p.m. with no explanation as to how service was made during usual office hours. (*See* Doc. 12-2 at p. 4). Further, the Return of Service does not indicate that Jason Robinson was the person apparently in charge of the office. (*See id.*); *see, e.g.*, *Produce v. California Harvest Healthy Foods Ranch Mkt.*, No. C-11-04814 DMR, 2012 WL 259575, at *4 (N.D. Cal. Jan. 27, 2012) (determining that plaintiff had failed to show that papers were left with a person "apparently in charge" when papers were left with an employee with an unknown job title and where there may have been a "language barrier"); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, No. C-04-3955 SC (JCS), 2009 WL 4258550, at *3 (N.D. Cal. Nov. 24, 2009) (finding that "[l]eaving papers on the desk of a receptionist without any information that the receptionist would know what to do with the papers, is insufficient" to meet the "apparently in charge" requirement). Thus, Plaintiff fails to demonstrate that The DSTRKT LLC was properly served by substitute service under California law.

As a result of the lack of information and requisite detail in Plaintiff's motion, the Returns of Service, and David Blansky's declaration, the Court cannot conclude that Plaintiff properly effected substitute service of process on Franklin Robinson or The DSTRKT LLC under Cal. Civ. Proc. Code § 415.20. Therefore, Plaintiff's request for entry of a clerk's default against Franklin Robinson and The DSTRKT LLC is denied without prejudice.

## III. Conclusion

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Plaintiff's Motion for Entry of Clerk's Default Pursuant to Rule 55(a) (Doc. 12) is **DENIED without prejudice**.

(2) On or before **September 14, 2026**, Plaintiff may re-serve Defendants or file a renewed motion addressing the deficiencies identified in this Order.

**DONE** and **ORDERED** in Ocala, Florida on August 13, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties