**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MAURICE HARKLESS,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00267-JSM-PRL**

**FRANKLIN ROBINSON and THE DSTRKT LLC,**

**Defendants.**
____________________________________/

## ORDER

This cause is before the Court on a motion for entry of clerk's default, or alternatively, a motion for extension of time, filed by Plaintiff Maurice Harkless ("Plaintiff"). (Doc. 15). For the reasons explained below, Plaintiff's motion for entry of clerk's default is due to be **denied** as premature.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Service of process must be "properly effected" before the clerk may enter a default. *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (citing Fed. R. Civ. P. 55(a)); *see also Chambers v. Halstead Fin. Servs., LLC*, No. 2:13–cv–809–FtM–38CM, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) ("Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process." (citing *United States v. Donald*, No. 3:09–cv–147–J–32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009))). The plaintiff must ensure proper service has occurred. *Kelly*, 233 F. App'x at 885 (citing Fed. R. Civ. P. 4(c)(1)). Otherwise, if "service of process is

insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *Id.* at 884 (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)).

Under the Federal Rules of Civil Procedure, service may be made on individual and corporate defendants in accordance with the law of the state in which service is made. Fed. R. Civ. P. 4(e), (h). As Plaintiff's motion explains, under California law, substituted service may be made on an individual or corporate entity, subject to certain requirements. Cal. Civ. Proc. Code § 415.20; (Doc. 15 ¶¶ 13, 16). However, substituted service requires that, in addition to leaving a copy of the summons and complaint with the applicable substitute party, the serving party must also mail a copy of the summons and complaint to the party to be served. Cal. Civ. Proc. Code § 415.20; (Doc. 15 ¶ 19). The statute specifies that "[s]ervice of a summons in this manner is deemed complete on the 10th day after the mailing." Cal. Civ. Proc. Code § 415.20; *see also* (Doc. 15 ¶ 20).

According to Plaintiff, copies were mailed to Defendants on September 11, 2026, and therefore service will be complete on September 21, 2026. *See* (Doc. 15 ¶¶ 11, 22); (Doc. 15-9). Assuming that to be true, the instant motion is premature. *See Kelly*, 233 F. App'x at 885 (citing Fed. R. Civ. P. 55(a)).[1] However, the denial of this motion is without prejudice to renewal if Defendants ultimately fail to respond to the complaint. To the extent Plaintiff renews this motion, Plaintiff shall clearly explain how service complied with the relevant requirements, including how service was properly completed with respect to Defendant The DSTRKT LLC.

---

[1] Because the motion is premature, the Court expresses no opinion on whether Plaintiff effectuated service on both Defendants.

**DONE** and **ORDERED** in Ocala, Florida on September 21, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party